IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD R. CONKLIN IV, <br> **Plaintiff** <br><br> v. <br><br> JOHN DOE, *et al.*, <br> **Defendants** | No. 3:24-CV-0189 <br><br> (Judge Munley) |

## MEMORANDUM

Plaintiff Donald R. Conklin IV initiated the above-captioned *pro se* action under 42 U.S.C. § 1983,[1] alleging constitutional violations by prison officials at Carbon County Correctional Facility (CCCF), in Nesquehoning, Pennsylvania. The court will dismiss Conklin's complaint for failure to state a claim upon which relief may be granted but will provide limited leave to amend.

## I. BACKGROUND

Conklin's handwritten complaint is abbreviated, but it appears that he is attempting to sue unidentified CCCF officials for two unrelated constitutional violations that occurred in 2023. (See generally Doc. 1). First, Conklin alleges that he was forced to wear handcuffs and shackles during his exercise periods. (Id. at 4). In an unrelated incident, Conklin alleges that he was "denied due

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

process" and punished with "loss of privileges" before the adjudication of a pending misconduct. (Id.) He asserts that he "does not know who or what is responsible for causing these violations of [his] civil rights" because prison officials informed him that the treatment (about which he now complains) conformed to prison policy. (Id.)

Conklin alleges that his Eighth Amendment rights were violated due to the "cruel and unusual punishment" with respect to being handcuffed and shackled during exercise periods. (Id. at 5). He claims that his Fourteenth Amendment rights were violated when he was lost telephone privileges prior to the adjudication of his misconduct. (Id.)

Conklin sues a single "John Doe" defendant and the Carbon County Correctional Facility. (Id. at 2-3). He seeks "monetary relief" and certain injunctive relief regarding CCCF practices. (Id. at 5). Conklin, however, fails to state a claim upon which relief may be granted, so the court will dismiss his complaint.

## II. STANDARD OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," unrepresented prisoner complaints targeting governmental entities, officers, or employees. See 28 U.S.C. § 1915A(a). One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be

granted[.]" Id. § 1915A(b)(1).  This language closely tracks Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).  See Grayson v. Mayview State Hosp., 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); O'Brien v. U.S. Fed. Gov't, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (*per curiam*) (nonprecedential); cf. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996).  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.  See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008).  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.  Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry. See Connelly v. Lane Constr. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (internal citations, quotation marks, and footnote omitted). At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (alterations in original)). Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded. Id. (quoting Iqbal, 556 U.S. at 679). Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief." Id. (quoting Iqbal, 556 U.S. at 679). Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 681.

Because Conklin proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted). This is particularly true when the *pro se* litigant, like Conklin, is incarcerated at the time he filed his complaint. See Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## III. DISCUSSION

Before addressing the sufficiency of Conklin's complaint, the court must identify the claimed constitutional violation or violations. See Albright v. Oliver, 510 U.S. 266, 271 (1994) ("The first step in any [Section 1983] claim is to identify the specific constitutional right allegedly infringed."); Graham v. Connor, 490 U.S. 386, 394 (1989) (explaining that analysis of a Section 1983 claim requires "identifying the specific constitutional right allegedly infringed by the challenged" conduct).

Conklin cites the Eighth and Fourteenth Amendments. (See Doc. 1 at 5). He first claims that being handcuffed and shackled during his exercise periods amounted to cruel and unusual punishment in violation of the Eighth Amendment. However, Conklin indicates in his complaint that he was a pretrial detainee at CCCF, (see id. at 2), so this conditions-of-confinement claim would implicate the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment's prohibition of cruel and unusual punishments.[2] Conklin correctly cites the Fourteenth Amendment with respect to his claim that his procedural due process rights were violated when he was "punished" with denial of phone

---

[2] See Jacobs v. Cumberland Cnty., 8 F.4th 187, 193-94 (3d Cir. 2021); Thomas v. Cumberland Cnty., 749 F.3d 217, 223 n.4 (3d Cir. 2014); Hubbard v. Taylor, 399 F.3d 150, 164 (3d Cir. 2005) (Hubbard I); see also Paulino v. Burlington Cnty. Jail, 438 F. App'x 106 (3d Cir. 2011) (nonprecedential) (explaining that "sentenced prisoners are protected from punishment that is 'cruel and unusual,' while pretrial detainees are protected from any punishment" (citing Hubbard I, 399 F.3d at 166-67)).

5

access prior to the adjudication of his misconduct. These two Fourteenth Amendment claims, however, are deficient for multiple reasons.

### A.     Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); see also Ashcroft v. Iqbal, 556. U.S. 662, 676 (2009) (affirming same principle in Bivens context). Rather, a Section 1983 plaintiff must plausibly plead facts that demonstrate the defendant's "personal involvement in the alleged misconduct." Dooley, 957 F.3d at 374. Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through evidence of "personal direction" or "actual knowledge and acquiescence"; however, such averments must be made with particularity. Id. (quoting Rode, 845 F.2d at 1207). Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability. See id. (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); Lewis v. Wetzel, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); Alexander v. Gennarini, 144 F. App'x 924, 925 (3d Cir. 2005)

6

(nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

Conklin's complaint is completely silent as to the alleged action (or inaction) of any specific Defendant. He names a "John Doe" defendant and CCCF. He does not, however, explain how the John Doe defendant violated his civil rights. Moreover, CCCF has already been dismissed from this action because it is not a "person" for Section 1983 purposes and Conklin has not identified an unconstitutional policy or practice by Carbon County. (See Doc. 8). Simply put, Conklin fails to allege that any "person" was involved in the purportedly unconstitutional conduct at CCCF, so the court must dismiss all Section 1983 claims for lack of personal involvement.

## B.   Fourteenth Amendment Conditions-of-Confinement Claim

When a pretrial detainee asserts a conditions-of-confinement claim, the Due Process Clause of the Fourteenth Amendment requires courts to consider "first, whether any legitimate purposes are served by the[] conditions, and second, whether the[] conditions are rationally related to these purposes." See Hubbard v. Taylor, 538 F.3d 229, 232 (3d Cir. 2008) (Hubbard II) (quoting Union Cnty. Jail Inmates v. Di Buono, 713 F.2d 984, 992 (3d Cir. 1983)). If pretrial detainees are subjected to conditions that are not reasonably related to a

legitimate governmental objective, an inference may be made that the purpose of the prison official's action is punishment. Hope v. Warden York Cnty. Prison, 972 F.3d 310, 326 (3d Cir. 2020). Thus, "a particular measure amounts to punishment when there is a showing of express intent to punish on the part of detention facility officials, when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose." Stevenson v. Carroll, 495 F.3d 62, 68 (3d Cir. 2007) (quoting Rapier v. Harris, 172 F.3d 999, 1005 (7th Cir. 1999)).

As the Third Circuit instructs, courts confronted with a Fourteenth Amendment conditions-of-confinement claim must "consider the totality of the circumstances of confinement." Hope, 972 F.3d at 326 (citing Hubbard I, 399 F.3d at 159-60). And, like an Eighth Amendment conditions-of-confinement claim asserted by a convicted prisoner, a Fourteenth Amendment conditions-of-confinement claim by a pretrial detainee requires a showing of deliberate indifference on the part of prison officials. Edwards v. Northampton Cnty., 663 F. App'x 132, 135 (3d Cir. 2016) (nonprecedential) (citing Colburn v. Upper Darby Twp., 946 F.2d 1017, 1024 (3d Cir. 1991)).

Conklin's Fourteenth Amendment conditions-of-confinement claim fails because he has not plausibly alleged deliberate indifference by any Defendant. Conklin has not alleged who was potentially responsible for the purported

8

conditions (*i.e.*, being restrained during exercise periods), who had knowledge of the conditions and was deliberately indifferent toward them, or whom he informed about the conditions and subsequently acted with deliberate indifference toward them. Without such fundamental allegations of deliberate indifference by any Defendant, dismissal of this claim is required. See Edwards, 663 F. App'x at 135-36.

### C. Fourteenth Amendment Procedural Due Process Claim

To plausibly state a Section 1983 claim for infringement of procedural due process rights, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000)). If a plaintiff cannot identify a protected interest that is "at stake," the analysis is at an end. See Wilkinson v. Austin, 545 U.S. 209, 221 (2005).

Conklin has not identified a protected liberty or property interest with respect to being denied phone privileges during the pendency of his misconduct. Such a minor inconvenience for a limited period of time does not reflect an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" such that it could implicate a protected liberty interest

under the Fourteenth Amendment. Sandin v. Conner, 515 U.S. 472, 484, 486 (1995); see also Patel v. Hayman, No. 08-CV-3586, 2009 WL 1748964, at *7 (D.N.J. June 18, 2009) (finding that loss of phone privileges for over three years did not reflect "atypical and significant hardship"); Morgan v. Warden, USP-Allenwood, No. 1:24-CV-00094, 2024 WL 1589587, at *1 (M.D. Pa. Mar. 5, 2024) (noting that "temporary placement in disciplinary segregation, a monetary fine, and temporary loss of commissary, mattress, and phone privileges" did not amount to atypical and significant hardship for due process claim). Because Conklin has not identified a protected liberty interest that is at stake, he has failed to state a Fourteenth Amendment procedural due process claim.

### D. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile." Grayson, 293 F.3d at 114. Conklin's Section 1983 claim alleging a Fourteenth Amendment procedural due process violation will be dismissed with prejudice, as leave to amend would be futile. See Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000); Centifanti v. Nix, 865 F.2d 1422, 1431 (3d Cir. 1989) ("[T]he district court may properly deny leave to amend where the amendment would not withstand a motion to dismiss."). Conklin's allegations of losing phone privileges for a short period of time do not, and

cannot, plausibly state an atypical and significant hardship such that he could allege a due process violation.

It is conceivable that Conklin could amend his Fourteenth Amendment conditions-of-confinement claim related to being forced to exercise with handcuffs and shackles. If he chooses to file an amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings. The amended complaint should set forth his conditions-of-confinement claim in short, concise, and plain statements, and in sequentially numbered paragraphs. Conklin must address the pleading deficiencies identified in this Memorandum. He may not include claims that have been dismissed with prejudice. He must identify appropriate Defendants, properly allege personal involvement for each Defendant, and must specify the offending actions taken by the official or officials.[3] Conklin must also sign the amended complaint and indicate the nature

---

[3] Several months after filing his complaint, Conklin filed a document entitled "Additional Defendants." (Doc. 11). In this filing, he appears to attempt to add the following defendants: Warden James Youngkin, Deputy Warden Derek George, the Carbon County Prison Board, the Carbon County Commissioner's Office, and "each individual correctional officer employed by CCCF who was ever assigned to the Maximum Security/RHU housing unit." See id. at 1-2. Not only is this document an improper attempt to amend his pleadings, but it also violates multiple pleading rules identified by this court in its previous April 10, 2024 Order and the instant Memorandum. Accordingly, this improperly filed document will have no effect on the pleadings in this case.

11

of the relief sought. He may not include unrelated claims against different defendants in violation of Federal Rule of Civil Procedure 20(a)(2).

If Conklin does not timely file an amended complaint, dismissal without prejudice of his Fourteenth Amendment conditions-of-confinement claim will automatically convert to dismissal *with prejudice* and the court will close this case.

## IV. CONCLUSION

Based on the foregoing, the Court will dismiss Conklin's complaint pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Limited leave to amend will be granted. An appropriate Order follows.

Date: 8/22/24

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court